UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12-12401-RWZ

TYRONE HUNT

v.

STATE OF CONNECTICUT

MEMORANDUM AND ORDER

February 20, 2013

ZOBEL, D.J.

On December 21, 2012, Tyrone Hunt, a resident of Washington, D.C., filed a five-page handwritten complaint against the State of Connecticut, the Department of Police and the National Rifle Association.  See Complaint ("Compl."), p. 1.  On February 1, 2013, he filed an Amendment to the Complaint.  See Docket No. 4.  For the reasons stated below, the Court grants plaintiff's request to proceed in forma pauperis , dismisses this action, and certifies that any appeal would not be taken in good faith.

BACKGROUND

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff Hunt has been a frequent litigant and has filed over a dozen civil cases in district courts in California, Maryland and Virginia.  See e.g. Hunt v. United States, 10-00301-RBS-FBS (E.D. Va. 2010) (challenging treatment of African-Americans); Hurt v. United States Supreme Court Justices, 12-03643-JFM (D. Md. 2012) (challenging Roe v. Wade) (related cases 12-03644 and 12-03646 seeking impeachment of sitting federal judges; and 12-03647 (challenging as unnecessary the wars in Vietnam, Afghanistan and Iraq);  Hunt v. District of Columbia, 12-03239-SI

(N.D.Calif. 2012) (lawsuit concerning the death of Trayvon Martin in Florida); Hunt v.

U.S. House of Representatives, 12-03138-LB (N.D.Calif. 2012) (lawsuit concerning the

denial of health and reproductive rights of women); Hunt v. United States Parole

Commission, 12-02470-CW (N.D.Calif. 2012) (seeking abolishment of the Parole

Commission because it is not mentioned in the United States Constitution). Many, if not

all, of these actions were dismissed for lack of standing, lack of subject matter

jurisdiction or for failure to state a claim upon which relief may be granted.

Although it is difficult for the Court to read plaintiff's handwriting, it is clear that

plaintiff brings this action in the "wake of the shooting and killing of twenty innocent

Americans [in Sandy Hook, Connecticut on December 14, 2012]. Compl., p. 3. As to

the Court's jurisdiction, Hunt asserts a civil rights claim for violation of constitution rights

pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal

Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Id. at p.1.

In the "Memorandum of Law" section of the complaint, plaintiff "respectfully states

that said plaintiff calls on a national effort to eliminate, eradicate and to abolish the

National Rifle Association, et al., for the illegal manufacture of high-power weapons

within this nation ... that kills, etc., innocent civilians (children, etc., who are born and

also have constitutional rights in accordance to the magnificent document of the U.S.

Constitution... Id. at p. 2. Plaintiff alleges that "these high-powered weapons" killed or

wounded President John F. Kennedy; Attorney General Robert Kennedy; Dr. Rev.

Martin Luther King, Jr.; Congresswoman Giffords; and Trayvon Martin. Id.

Plaintiff contends that the localities where "these episodes and acts of violence

[took place are] in violation of the Eighth (8th) Amendment Right to the U.S.

Constitution, (1608)(1995)_ and this leads to human rights violations." Id.  Plaintiff

states that "before and during the landmark decision of Brown v Board of Education

(1954), etc., to execute children, then, these police departments, and its employees,

thereof, are sworn under oath to protect and serve (1930) and anything beyond that is in

violation to protect and serve ..." Id. at pp. 2-3.  Plaintiff seeks the "elimination,

eradication and abolishment of the National Rifle Association" as well as "one (1) trillion

dollars from the defendant in punitive and monetary damages against said defendants."

Id. at 3-4.

On February 1, 2013, Hunt filed an Amendment to the Complaint.  See Docket

No. 4.  The Amendment references the proposed Assault Weapons Ban and is

accompanied by a copy of a newspaper article.  Id.

## DISCUSSION

I.      Plaintiff's Request to Proceed In Forma Pauperis

In the "Affidavit of Poverty" section of the complaint, plaintiff requests leave to

proceed in forma pauperis.   Pursuant to 28 U.S.C. § 1915, a district court may

authorize the commencement of a civil action in forma pauperis if it is satisfied that the

would-be plaintiff cannot pay the filing fees necessary to pursue the action.  See 28

U.S.C. § 1915(a)(1).  Plaintiff avers that because of his poverty he is unable to pay the

filing fee.   The Court will permit him to proceed in forma pauperis.

II.     Screening of the Complaint and Amended Complaint

Because plaintiff has sought to proceed without the prepayment of the filing fee,

the matter is subject to review to determine if it satisfies the requirements of Section

1915 of Title 28, the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section

1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to

proceed without prepayment of the filing fee if the action lacks an arguable basis either

in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to

state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  See 28 U.S.C. § 1915 (e)(2); Neitzke v.

Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992);

Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  Although

"dismissal on the court's own initiative, without affording the plaintiff either notice or an

opportunity to be heard ... is disfavored in federal practice," where "it is crystal clear that

the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal

sua sponte is appropriate. Id. at 36–37.

Because federal courts are considered courts of limited jurisdiction, "federal

jurisdiction is never presumed." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).

This Court has authority to inquire sua sponte as to its subject-matter jurisdiction.  See

e.g., Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir.2005); see also Arbaugh v. Y & H

Corp., 546 U.S. 500, 507, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (the court shall

dismiss the action whenever it appears that the court lacks jurisdiction of the subject

matter).

Finally, in conducting the preliminary screening, plaintiff's pro se pleadings are

construed generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New

Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

III.     The Instant Action is Subject to Dismissal

Even construed liberally, plaintiff's complaint and amended complaint are subject

to dismissal.  Hunt does not have standing to pursue his claims.  To have Article III

standing to maintain an action in federal court, a plaintiff bears the burden of alleging

facts sufficient to establish that "(1) [the plaintiff] has suffered an 'injury in fact' that is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is

likely, as opposed to merely speculative, that the injury will be redressed by a favorable

decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167,

180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citation omitted); Coggeshall v.

Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 666 (1st Cir.2010)

(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119

L.Ed.2d 351 (1992)).

Moreover, Hunt's complaint and amended complaint have no basis in law or fact.

Given the nature of the identified deficiencies, further amendment would be futile.

Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir.2009) (motion

for leave to amend "should be granted unless the amendment would be futile or reward

undue delay.") citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st

Cir.2006)).

IV.    Certification that Any Appeal Would not be Taken in Good Faith

Based on Hunt's litigation history, and the failure of this complaint to state any

cognizable federal claim, any appeal by Hunt of this matter would not be taken in good

faith. Under 28 U .S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if

the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under

Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed in forma pauperis

in the district-court action may proceed on appeal in forma pauperis without further

authorization unless the district court certifies that the appeal is not taken in good faith.

Id.  Such a certification prohibits in forma pauperis status on appeal even though Hunt

has been found to be indigent. This Court finds that any appeal would be one that

plainly does not deserve additional judicial attention.

ORDER

Based upon the foregoing, it is hereby ORDERED:

1.      Plaintiff's request to proceed in forma pauperis is ALLOWED.

2.      This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.      The Court certifies that any appeal of this Memorandum and Order would
        not be taken in good faith.

SO ORDERED.

 /s/ Rya W. Zobel
UNITED STATES DISTRICT JUDGE